**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

DIGINUS BV,

     Plaintiff,

v.

1001.COM, an Internet domain name, and
JOHN DOE,

     Defendants.

Civil Action No. 1:19-cv-1089

**VERIFIED COMPLAINT**

Plaintiff Diginus BV ("Diginus"), by counsel, alleges as follows for its Verified Complaint against Defendants:

**NATURE OF THE SUIT**

1.    Diginus's claims in this case involve intellectual property theft by computer hacking—colloquially referred to as "domain name theft" or "domain name hijacking." To recover its valuable intellectual property, Diginus asserts *in rem* claims under the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), under 28 U.S.C. § 1655, and Virginia common law, and *in personam* claims under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, the Electronic Communications Privacy Act, 18 U.S.C. §§ 2701, 2707, and Virginia common law, arising from the unauthorized access to Diginus's secured computer account and the unauthorized transfer and theft of the 1001.com domain name (the "Defendant Domain Name").

2.    Diginus seeks injunctive and other relief as a result of the actions of a person of

© 2019 Wiley Rein LLP.  All rights reserved.

unknown identity who gained unauthorized access to Diginus's domain name management account on a protected computer, transferred control of the Defendant Domain Name from Diginus's account, and thereby disabled Diginus's control of the Defendant Domain Name causing irreparable injury to Diginus.

## PARTIES

3.     Diginus BV is a Netherlands corporation located at Kromme Waal 19C, 1011BT Amsterdam.  Diginus was, and is, the rightful owner of the Defendant Domain Name.

4.     Defendant 1001.com is an Internet domain name which, according to records in the WHOIS database of domain name registrations, has been improperly transferred from Diginus's domain register eNom, Inc. d/b/a NameCheap.com ("NameCheap") to a different domain name registrar GoDaddy.com, LLC.  A copy of the current, unauthorized domain name registration record for 1001.com is attached as Exhibit A.

5.     Defendant John Doe is a person of unknown identity who gained unauthorized access to Diginus's protected domain name management account and, without consent or authority, transferred control of Defendant Domain Name away from Diginus.

## JURISDICTION, VENUE AND JOINDER

6.     This action arises under the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), 28 U.S.C. § 1655, the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, the Electronic Communications Privacy Act, 18 U.S.C. §§ 2701, 2707, and related claims under the common law of Virginia.

7.     This Court has original jurisdiction under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a), 28 U.S.C. § 1367, 28 U.S.C. § 1655, and the doctrines of ancillary and pendent jurisdiction.

© 2019 Wiley Rein LLP.  All rights reserved.

8.      This Court has *in rem* jurisdiction over the Defendant Domain Name pursuant to 15 U.S.C. § 1125(d)(2)(A) and 28 U.S.C. § 1655.

9.      *In rem* jurisdiction is appropriate under 15 U.S.C. § 1125(d)(2)(A)(i)(I) because the registrant of the Defendant Domain Name is being concealed by the registrar, and is believed to be based in China, and therefore Diginus cannot obtain *in personam* jurisdiction over a person who would have been a defendant in a civil action under 15 U.S.C. § 1125(d)(1)(A) and/or Diginus, despite its due diligence, has been unable to find a person who would have been a defendant in a civil action under 15 U.S.C. § 1125(d)(1)(A).  Diginus will provide notice to the Defendants of its intent to proceed *in rem* against the Defendant Domain Name pursuant to 15 U.S.C. § 1125(d)(2)(A)(i)(I)(aa).

10.     The Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(3) and (4), states that the *in rem* action, jurisdiction, and remedies created by the statute are "in addition to any other civil action or remedy otherwise applicable" and "in addition to any other jurisdiction that otherwise exists, whether in rem or in personam."

11.     *In rem* jurisdiction is appropriate under 28 U.S.C. § 1655 because the 1001.com domain name is property situated in this district and Diginus is asserting its claim of ownership to the 1001.com domain name and seeking removal of the cloud on the title of the domain name.

12.     Diginus's *in personam* claims against John Doe for violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, the Electronic Communications Privacy Act, 18 U.S.C. §§ 2701, 2707, and for conversion, are based on John Doe's unauthorized access to and alteration of computer records maintained on protected computers for the domain registry located within the district so as to effectuate the theft of the Defendant Domain Name.

13.     John Doe directed the acts complained of herein toward the district and utilized

© 2019 Wiley Rein LLP.  All rights reserved.                                                  3

instrumentalities in the district in that John Doe gained unauthorized access to Diginus's domain name management account and associated computer records and thereafter, without authorization, caused the domain name registration records maintained in the district by VeriSign, Inc. to be altered so as to transfer control of Defendant Domain Name away from Diginus.

14.     Venue is proper in this District pursuant to 15 U.S.C. § 1125(d)(2)(C), 28 U.S.C. § 1391(b)(2), and 28 U.S.C. § 1655 in that the Defendant Domain Name is property situated in this district and pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this district.

15.     Joinder of the Defendant Domain Name and Defendant John Doe is proper under Fed. R. Civ. P. 20(a)(2) in that the claims set forth herein arise out of the same series of transactions and the same questions of law are common to both of the Defendants.

## DIGINUS'S RIGHTS

16.     Diginus is a software and web development company that focuses on developing websites, applications, and portals in the field of casual gaming.

17.     Diginus purchased the domain name 1001.com through a public auction on November 12, 2013.

18.     After acquiring the 1001.com domain name, Diginus transferred the domain name registration to the ICANN-accredited domain name registrar NameCheap.  Diginus was the registrant of the 1001.com domain name until the domain name was stolen by Defendant John Doe.

19.     Attached as Exhibit B is an emailed receipt from NameCheap dated December 2, 2013 confirming the registration of the 1001.com domain name to Diginus.

© 2019 Wiley Rein LLP.  All rights reserved.

20.     Attached as Exhibit C is an email from NameCheap dated December 2, 2013 confirming that Diginus's registration of the 1001.com domain name was paid through January 4, 2015.

21.     Attached as Exhibit D is an email from NameCheap dated December 2, 2015 confirming that Diginus's registration of the 1001.com domain name was paid through January 4, 2021.

22.     Diginus acquired the 1001.com domain name for use as a casual gaming site and web portal and, after acquiring the 1001.com domain name, Diginus developed a logo for the site, acquired 1001.com branded social media accounts, and developed designs for the site, content aggregation, SEO analyses, and "cloud" environments for the site.

23.     Diginus used the 1001.com domain name in U.S. and international commerce in association with email and the development and promotion of online casual gaming websites directed to wide Internet audiences—until Defendant John Doe stole the domain name and thereby disabled Diginus's access to and control of the domain name.

24.     Diginus is entitled to common law trademark protection in the 1001.com mark by virtue of its use of the mark in U.S. and international commerce in association with *inter alia* email and the development and promotion of online casual gaming websites directed to wide Internet audiences.

25.     John Doe's unauthorized transfer and subsequent misuse of the Defendant Domain Name further demonstrates that the 1001.com mark is entitled to trademark protection.

26.     As a stolen domain name, no subsequent registrant may acquire title to the Defendant Domain Name that is superior to Diginus's title to the 1001.com domain name.

© 2019 Wiley Rein LLP.  All rights reserved.

## UNLAWFUL TRANSFER AND REGISTRATION OF THE DOMAIN NAME

27.     The Associated Press reported that a 2013 survey by the National Small Business association found that 44% of small businesses had been the subject of computer hacking.

28.     The Verizon 2018 Data Breach Investigations Report reported that there were over 53,000 security breaches in the U.S. in 2017, and 58% of the victim companies were small businesses.

29.     Diginus's claims in the present case involve one of the most recent iterations of such computer hacking actions—colloquially referred to as "domain name theft."

30.     Diginus maintains a domain name management account with NameCheap.

31.     Diginus's domain name management account with NameCheap is maintained on a protected computer and access to the account should be restricted to only those persons that possess Diginus's user name and password.

32.     Diginus recently received notice from NameCheap that the email for the company's account with NameCheap had been changed and, upon attempting to login to the company's account, learned that the user name and/or password had been changed and that the 1001.com domain name had been transferred from NameCheap to GoDaddy.com, LLC.

33.     A search of Diginus's administrative e-mail account reveals that Diginus never received a notification from NameCheap that the Defendant Domain Name was being transferred.  Such a domain name transfer notification email is required by ICANN.

34.     On information and belief, John Doe obtained unauthorized access to Diginus's domain registrar account and manipulated the computer records to obtain the transfer of the Defendant Domain Name through a surreptitious manner intended to avoid detection by Diginus.

35.     On information and belief, John Doe prevented Diginus from receiving electronic

© 2019 Wiley Rein LLP.  All rights reserved.

communications seeking approval for the transfer of the Defendant Domain Name and obtained unauthorized access to such electronic communications so as to approve the transfer.

36.     When the Defendant Domain Name was transferred by John Doe without authorization, the domain name registrant information was changed and the technical settings for the domain name were changed thereby disabling Diginus's ability to control the domain name and associated website.

37.     The registration and use of the Defendant Domain Name by John Doe are without authorization from Diginus.

38.     The Defendant Domain Name does not reflect the trademark or intellectual property rights of John Doe.

39.     On information and belief, the Defendant Domain Name does not reflect the legal name of John Doe.

40.     John Doe has not engaged in bona fide noncommercial or fair use of Diginus's 1001.com trademark in a website accessible under the Defendant Domain Name.  To the contrary, John Doe has been attempting to sell the 1001.com domain name via public auction on the Chinese domain name trading platform 4.cn.  Attached as Exhibit E is an archived copy of the 4.cn "for sale" website that was displayed by John Doe at the Defendant Domain Name before 4.cn disabled the auction at the request of Diginus.

41.     John Doe transferred the Defendant Domain Name without authorization from Diginus and thereby acquired a domain name which John Doe knew was identical to, and reflective of, Diginus's 1001.com mark.

### FIRST CLAIM FOR RELIEF (IN REM)
#### *Violation of the Anticybersquatting Consumer Protection Act*

42.     Diginus repeats and realleges each and every allegation set forth in the foregoing

© 2019 Wiley Rein LLP.  All rights reserved.

paragraphs, as though fully set forth herein.

43.     Diginus's 1001.com mark is distinctive and was distinctive prior to the time the Defendant Domain Name was transferred away from Diginus without authorization and thereby unlawfully registered to John Doe.

44.     The aforesaid acts by John Doe constitute registration, trafficking, and/or use of a domain name that is identical to Diginus's 1001.com mark, with bad faith intent to profit therefrom.

45.     The aforesaid acts constitute unlawful cyberpiracy in violation of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(1).

46.     The aforesaid acts have caused, and are causing, great and irreparable harm to Diginus and the public.   Unless permanently restrained and enjoined by this Court, said irreparable harm will continue.   Thus, pursuant to 15 U.S.C. § 1125(d)(2)(D)(i) and 28 U.S.C. § 1655, Diginus is entitled to an order transferring the Defendant Domain Name registration back to Diginus.

## SECOND CLAIM FOR RELIEF (IN REM)
### *Quiet Title*

47.     Diginus repeats and realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

48.     Diginus has valid legal and equitable title to the Defendant Domain Name by virtue of its registration and ownership of the domain name since 2013.

49.     The Defendant Domain Name was stolen from Diginus and no subsequent registrant may acquire valid title to the domain name—whether or not any such registrant purports to be a bona fide purchaser.

50.     Through control of the domain name, John Doe has asserted a claim to the

© 2019 Wiley Rein LLP.  All rights reserved.                                                                    8

Defendant Domain Name that impedes Diginus's ownership and control of the domain name and constitutes a cloud on Diginus's title to the domain name.

51.    Diginus is entitled to a declaration from the Court that it is the lawful owner and registrant of the Defendant Domain Name and that there are no other valid claims against the title to the Defendant Domain Name.

### THIRD CLAIM FOR RELIEF (IN PERSONAM)
### *Violation of the Computer Fraud & Abuse Act*

52.    Diginus repeats and realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

53.    John Doe: (a) knowingly and intentionally accessed Diginus's domain name management account on a protected computer without authorization and thereby obtained information from the protected computer in a transaction involving an interstate or foreign communication (18 U.S.C. § 1030(a)(2)(C)); (b) knowingly and with an intent to defraud accessed Diginus's domain name management account on a protected computer without authorization and obtained information from the computer, which John Doe used to further a fraud and obtain something of value (18 U.S.C. § 1030(a)(4)); and (c) intentionally accessed Diginus's domain name management account on a protected computer without authorization, and as a result of such conduct caused damage and loss (18 U.S.C. § 1030(a)(5)(C)).

54.    John Doe's unlawful actions have included causing the protected domain name registration records maintained in the district by VeriSign, Inc. to be altered so as to transfer control of Defendant Domain Name away from Diginus.

55.    Diginus has suffered damages as a result of the conduct complained of herein and the loss of the Defendant Domain Name.

© 2019 Wiley Rein LLP.  All rights reserved.

## FOURTH CLAIM FOR RELIEF (IN PERSONAM)
### *Violation of the Electronic Communications Privacy Act*

56.     Diginus repeats and realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

57.      On information and belief, John Doe intentionally accessed without authorization electronic communications sent by NameCheap to Diginus seeking Diginus's approval for the transfer of the Defendant Domain Name.

58.     On information and belief, John Doe obtained such electronic communications and/or prevented Diginus's authorized access to such electronic communications while the communications were in electronic storage.

59.     John Doe engaged in such actions with a knowing and/or intentional state of mind, and such actions constitute a violation of the Electronic Communications Privacy Act, 18 U.S.C. §§ 2701, 2707.

60.     Diginus has suffered damages including the loss of the Defendant Domain Name as a result of the conduct complained of herein and is entitled to injunctive relief, actual, statutory, and/or punitive damages, and attorney's fees under the Electronic Communications Privacy Act.

## FIFTH CLAIM FOR RELIEF (IN PERSONAM)
### *Conversion*

61.     Diginus repeats and realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

62.     Diginus is the owner of property rights in and to the Defendant Domain Name.

63.     John Doe has wrongfully taken control of the Defendant Domain Name.

64.     John Doe's wrongful exercise of dominion and control over the Defendant

© 2019 Wiley Rein LLP.  All rights reserved.

Domain Name deprives Diginus of use and control of the Defendant Domain Name in violation of Diginus's rights in and to the domain name.

65.     To the extent that John Doe has subsequently transferred the Defendant Domain Name to a person or persons other than John Doe, such other person's wrongful exercise of dominion and control over the Defendant Domain Name deprives Diginus of use and control of the Defendant Domain Name in violation of Diginus's rights in and to the domain name.

66.     Diginus has suffered damages including the loss of the Defendant Domain Name as a result of the conduct complained of herein and is entitled to injunctive relief, actual, statutory, and/or punitive damages, and/or attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Diginus respectfully requests of this Court:

1.     That judgment be entered in favor of Diginus on its *in rem* claims under the Anticybersquatting Consumer Protection Act, 28 U.S.C. § 1655, and for quiet title against the res Defendant 1001.com, and that the Court declare Diginus is the rightful owner of the Defendant Domain Name.

2.     That the Court order, pursuant to the judgment in favor of Diginus on its *in rem* claims, the Defendant Domain Name be returned to Diginus through VeriSign, Inc.'s transfer of the domain name from the current domain name registrar to Diginus's registrar of choice, NameCheap, and by NameCheap's change of the registrant back to Diginus.

3.     That judgment be entered in favor of Diginus on its *in personam* claims under the Computer Fraud and Abuse Act, the Electronic Communications Privacy Act, and for Conversion against Defendant John Doe.

4.     That the Court order, pursuant to the judgment in favor of Diginus on its *in*

© 2019 Wiley Rein LLP.  All rights reserved.

*personam* claims, an award of actual, statutory, and/or punitive damages, costs and reasonable attorney's fees; and

5.      That the Court order an award to Diginus of such other and further relief as the Court may deem just and proper.

Dated: August 16, 2019          By:      ____/s/ Attison L. Barnes, III /s/_____
                                         Attison L. Barnes, III (VA Bar No. 30458)
                                         David E. Weslow (*for pro hac admission*)
                                         Adrienne J. Kosak (VA Bar No. 78631)
                                         WILEY REIN LLP
                                         1776 K St. NW
                                         Washington, DC 20006
                                         (202) 719-7000 (phone)
                                         (202) 719-7049 (fax)
                                         abarnes@wileyrein.com
                                         dweslow@wileyrein.com
                                         akosak@wileyrein.com

                                         *Counsel for Plaintiff*
                                         *Diginus BV*

© 2019 Wiley Rein LLP.  All rights reserved.                    12

## **VERIFICATION**

I, Tijmen Crone, President of Diginus BV, declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746, that the facts contained in the foregoing Verified Complaint are true and correct.

_____

Tijmen Crone

14th of August 2019
_____
Date

12

Text