IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| DIGINUS BV, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:19cv1089 (LO/JFA) |
| | ) |
| 1001.COM, an Internet Domain Name, | ) |
| JOHN DOE | ) |
| | ) |
| Defendants. | ) |

## PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

This matter is before the court on plaintiff's motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). (Docket no. 10). Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned magistrate judge is filing with the court his proposed findings of fact and recommendations, a copy of which will be provided to all interested parties.

### Procedural Background

On August 16, 2019, plaintiff filed a five-count complaint against John Doe ("Doe") and the domain name 1001.com ("Defendant Domain Name"). (Docket no. 1). The complaint alleges a violation of the Anti-cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d) ("ACPA"), quiet title, conversion, a violation of the Computer Fraud and Abuse Act, and a violation of the Electronic Communications Privacy Act. (*Id.* ¶¶ 42–66). On August 26, 2019, plaintiff moved for service by publication (Docket no. 3), which the court granted on August 28, 2019 (Docket no. 6). Pursuant to the court's order, plaintiff arranged for publication of notice of this action in *The Washington Times* beginning on August 30, 2019 and concluding on October 4, 2019. (Docket no. 7).

1

On October 21, 2019, plaintiff requested an entry of default (Docket no. 8), which the Clerk of Court entered as to the defendants on the same day (Docket no. 9). On October 22, 2019, plaintiff filed this motion for default judgment (Docket no. 10) and noticed the hearing for Friday, November 8, 2019 at 10:00 a.m. (Docket no. 12). As set forth in the motion for default judgment, plaintiff seeks a default judgment against the Defendant Domain Name under the *in rem* provisions of the ACPA and, if granted, an order changing the registrar of record for the Defendant Domain Name to plaintiff's registrar of choice, NameCheap, and for plaintiff to be listed as the registrant of the 1001.com domain name. (Docket no. 10 at 1). Plaintiff requests that the remaining claims be dismissed without prejudice. (*Id.*). At the hearing on November 8, 2019, counsel for plaintiff appeared, but no one appeared on behalf of Doe or the Defendant Domain Name.

## Factual Background[1]

The following facts are established by the complaint (Docket no. 1) ("Compl.") and the memorandum in support of plaintiff's motion for default judgment (Docket no. 11). Plaintiff, a software and web development company in the field of casual gaming, acquired the domain name 1001.com on November 12, 2013 and registered it through to January 4, 2021. (Compl. ¶¶ 16–17, 21). Doe obtained unauthorized access to plaintiff's domain registrar account and transferred the Defendant Domain Name without plaintiff's authorization, changing the technical settings to disable plaintiff's access and ability to control the domain name. (Compl. ¶¶ 34, 36–

---

[1] Given that the relief sought in the motion for default judgment is an order for the transfer of the registration for the Defendant Domain Name under the ACPA, these proposed findings of fact and recommendations will be limited to plaintiff's claim against the Defendant Domain Name.

2

37). Doe has taken control of the Defendant Domain Name with the intent to sell it via public auction. (Compl. ¶ 40).

## **Proposed Findings and Recommendations**

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Based on the failure to plead or otherwise defend against this action, the Clerk of Court has entered a default as to the Defendant Domain Name and Doe. (Docket no. 9).

A defendant in default admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantage.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim."). Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that a court may conduct a hearing to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter when necessary to enter or effectuate judgment.

## **Jurisdiction and Venue**

A court must have both subject matter jurisdiction and personal jurisdiction over a defaulting party before it can render a default judgment. Plaintiff has asserted a claim pursuant to the ACPA (15 U.S.C. § 1125(d)) and alleges that this court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question). (Compl. ¶ 7).

3

Plaintiff alleges that this court has *in rem* jurisdiction over the Defendant Domain Name pursuant to 15 U.S.C. § 1125(d)(2)(A), because the registrant of the domain name, believed to be based in China, is being concealed by the registrar and therefore plaintiff cannot obtain *in personam* jurisdiction despite its due diligence. (Compl. ¶ 9). Plaintiff also alleges that venue is proper in this District pursuant to 15 U.S.C. § 1125(d)(2)(C) as the registry for the Defendant Domain Name, VeriSign, Inc., is located here. (Docket no. 11 at 6).

Given the uncontested allegations that the registry for the Defendant Domain Name is located in this District, the undersigned magistrate judge recommends a finding that this court has subject matter jurisdiction over this action, that the court has *in rem* jurisdiction over the Defendant Domain Name, and that venue is proper in this court.

### Service

Rule 4(n)(1) of the Federal Rules of Civil Procedure provides that the court may assert jurisdiction over property if authorized by a federal statute. Notice to claimants of the property must be given as provided in the statute or by serving a summons under the rule. Fed. R. Civ. P. 4(n)(1). Under 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(bb), if the court finds that the owner of a trademark through due diligence was not able to find a person who would have been a defendant for violating any right of the owner of a mark protected under subsections (a) or (c), a plaintiff may publish a notice of this action as directed by the court.

On August 26, 2019, plaintiff moved for notice by publication. (Docket no. 3). On August 28, 2019, this court granted plaintiff's motion for publication and directed it to publish a notice in either *The Washington Post* or *The Washington Times* no later than fourteen (14) days after the entry of the order. (Docket no. 6). From August 30, 2019 through October 4, 2019, plaintiff published a notice once a week in *The Washington Times*. (Docket no. 7 at 1). Plaintiff

also affirmed that it sent a copy of the publication order to the registrant's email address. (*Id.* at 2). Based on the foregoing, the undersigned magistrate judge recommends a finding that service of process has been accomplished as set forth in 15 U.S.C. § 1124(d)(2)(A)(ii).

## Grounds for Entry of Default

In accordance with Federal Rule of Civil Procedure 12(a) and the notice published in *The Washington Times*, anyone making a claim to the Defendant Domain Name was required to file a responsive pleading by October 18, 2019, twenty-one (21) days after the notice of action was published. Fed. R. Civ. P. 12(a)(1). No responsive pleading has been filed and no other claims were filed, and the time for doing so has since expired. On October 21, 2019, plaintiff requested an entry of default. (Docket no. 8). The Clerk of Court entered a default against the Defendant Domain Name and Doe on the same day. (Docket no. 9).

For the reasons stated above, the undersigned magistrate judge recommends a finding that notice of this *in rem* action was proper and that no one has made a timely claim to the Defendant Domain Name, and that the Clerk of Court properly entered a default as to the Defendant Domain Name and Doe.

## Liability

According to Federal Rule of Civil Procedure 54(c), a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Given that a default has been entered, the factual allegations in the complaint are deemed admitted. *See* Fed. R. Civ. P. 8(b)(6). While the complaint alleges five claims against the defendants, plaintiff's motion for default judgment only seeks an order transferring the registration of the Defendant Domain Name to plaintiff's registrar. Accordingly, this proposed findings of fact and recommendations focuses only on the ACPA claim contained in Count I of the complaint.

As discussed below, it is recommended that the court find that plaintiff has established a violation of the ACPA. As an initial matter, plaintiff contends that it owns the exclusive rights to the Defendant Domain Name, that it has used the Defendant Domain Name in commerce since first purchasing it on November 12, 2013, and that it has acquired common law trademark rights in the mark. (Compl. ¶¶ 17, 23–24). Accordingly, plaintiff has alleged sufficient facts to support a finding that it is the rightful owner of the mark 1001.com.

To establish an ACPA violation, plaintiff is required to prove (1) that Doe had a bad faith intent to profit from using the Defendant Domain Name, and (2) that the Defendant Domain Name is identical or confusingly similar to, or dilutive of, a distinctive mark owned by plaintiff. 15 U.S.C. § 1125(d)(1)(A); *see People for Ethical Treatment of Animals v. Doughney*, 263 F.3d 359, 367 (4th Cir. 2001). In determining whether a domain name was registered in bad faith, a court may consider several factors, including:

> (I) the trademark or other intellectual property rights of the person, if any, in the domain name;
>
> (II) the extent to which the domain name consists of the legal name of the person or a name that it otherwise commonly used to identify that person;
>
> (III) the person's prior use, if any, of the domain name in connection with the bona fide offering of any goods or services;
>
> (IV) the person's bona fide noncommercial or fair use of the mark in a site accessible under the domain name;
>
> (V) the person's intent to divert consumers from the mark owner's online location to a site accessible under the domain name that could harm the goodwill represented by the mark, either for commercial gain or with the intent to tarnish or disparage the mark, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the site;
>
> (VI) the person's offer to transfer, sell, or otherwise assign the domain name to the mark owner or any third party for financial

6

gain without having used, or having an intent to use, the domain name in the bona fide offering of any goods or services, or the person's prior conduct indicating a pattern of such conduct;

(VII) the person's provision of material and misleading false contact information when applying for the registration of the domain name, the person's intentional failure to maintain accurate contact information, or the person's prior conduct indicating a pattern of such conduct;

(VIII) the person's registration or acquisition of multiple domain names which the person knows are identical or confusingly similar to marks of others that are distinctive at the time of registration of such domain names, or dilutive of famous marks of others that are famous at the time of registration of such domain names, without regard to the goods or services of the parties; and

(IX) the extent to which the mark incorporated in the person's domain name registration is or is not distinctive and famous within the meaning of subsection (c)(1) of this section.

15 U.S.C. § 1125(d)(1)(B)(i); *see People for Ethical Treatment of Animals*, 263 F.3d at 368–69.

First, plaintiff has established that Doe had a bad faith intent to profit from the Defendant Domain Name when Doe obtained unauthorized access to plaintiff's domain registrar account and transferred control of the Defendant Domain Name. (Compl. ¶¶ 34–37, 43–44). Based on the factors set forth in 15 U.S.C. § 1125(d)(1)(B)(i), plaintiff has established that: (1) Doe lacks any trademark rights in the Defendant Domain Name, as evidenced by plaintiff's rightful ownership of the Defendant Domain Name and use of the mark; (2) plaintiff was the sole user of the Defendant Domain Name before Doe illegally gained control over it; (3) Doe has not engaged in offering *bona fide* goods and services; (4) Doe has not engaged in non-commercial or fair use of the trademark associated with the Defendant Domain Name; (5) Doe provided incomplete contact information when changing the registration for the Defendant Domain Name such that the individual cannot be identified; (6) Doe demonstrated the intent to divert customers away from plaintiff's website with the resultant effect of harming the value and goodwill

associated with plaintiff's mark; and (7) Doe intends to sell the Defendant Domain Name for financial gain without the offering of any good or service. (Compl. ¶¶ 18, 25, 32–41, 43–46).

Second, plaintiff has established that the Defendant Domain Name is identical to plaintiff's distinctive 1001.com mark. From November 2013, the Defendant Domain Name and the associated common law trademark were used by plaintiff in domestic and international commerce for the development and promotion of online casual gaming websites. (Compl. ¶ 23–24). Doe illegally gained access to plaintiff's domain registrar account and wrongfully transferred the Defendant Domain Name away from plaintiff's control and without plaintiff's permission. (Compl. ¶¶ 25, 34–35, 41). As such, Doe's use of the trademark associated with the Defendant Domain Name was necessarily the same as plaintiff's use. Therefore, it is recommended that the court find plaintiff has established a violation of the ACPA.

### Relief

In this *in rem* action, plaintiff seeks the return of the Defendant Domain Name and dismissal of the remaining claims without prejudice. (Docket no. 11 at 1). Pursuant to 15 U.S.C. § 1125(d)(1)(C), "[i]n any civil action involving the registration, trafficking, or use of a domain name under this paragraph, a court may order the forfeiture or cancellation of the domain name or the transfer of the domain name to the owner of the mark." This court has previously ordered the transfer of the registrations for domain names where those domain names infringe on valid trademarks. *See Int'l Bancorp, L.L.C. v. Societe Des Baines De Mer Et Due Cercle Des Etrangers A Monaco*, 192 F. Supp. 2d 467, 490 (E.D. Va. 2002). Given that plaintiff has established a violation of the ACPA through Doe's unauthorized transfer of the registration of plaintiff's domain name and the use of the domain name and associated trademark, the undersigned recommends an order requiring the transfer of the registration for the Defendant

Domain Name to plaintiff's registrar and that plaintiff be listed as the registrant for the Defendant Domain name. As requested by the plaintiff, all other claims should be dismissed without prejudice.

## Conclusion

For the reasons stated above, the undersigned recommends that a default judgment be entered in favor of Diginus BV and against the Defendant Domain Name pursuant to Count I of the Complaint alleging a violation of the Anti-cybersquatting Consumer Protection Act (15 U.S.C. § 1125(d)(1)(C)). The undersigned recommends it be ordered that VeriSign, Inc., the registry for the Defendant Domain Name 1001.com, promptly change the registrar of record to NameCheap, plaintiff's choice of registrar, and that NameCheap register plaintiff as the registrant of 1001.com. The undersigned further recommends that plaintiff's remaining claims be dismissed without prejudice.

## Notice

By means of the court's electronic filing system and by sending a copy of these proposed findings of fact and recommendations to email address a13067085052@163.com, the parties are notified that objections to this proposed findings of fact and recommendations must be filed within fourteen (14) days of service of this proposed findings of fact and recommendations and a failure to file timely objections waives appellate review of the substance of the proposed findings of fact and recommendations and waives appellate review of any judgment or decision based on this proposed findings of fact and recommendations.

ENTERED this 8th day of November, 2019.         /s/
                                                John F. Anderson
                                                United States Magistrate Judge
                                                John F. Anderson
                                                United States Magistrate Judge

Alexandria, Virginia